# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ZAIDA TORRES VAZQUEZ,

    **Plaintiff,**

    v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

    **Defendant.**

CIVIL NO. 15-1662 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

The case raises two basic questions: (1) whether the case was properly removed under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (codified as amended in scattered sections of 12 U.S.C.) ; and (2) whether the statute requires dismissal. Because both questions are answered in the affirmative, the case is properly before the court, should not be remanded, and must be dismissed.

## I.     BACKGROUND

On November 7, 2011, plaintiff initiated a wrongful termination action against her former employer, Doral Bank, in the Humacao Part of the Puerto Rico Court of First Instance (Docket No. 10 at p. 2). On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver ("FDIC-R"). On May 27, 2015, the FDIC-R removed the action pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1446 U.S.C. (Docket No. 1 at p. 1). On November 13, 2015, plaintiff filed a "Motion Requesting from the Court to set aside Removal for Lack of Subject Matter Jurisdiction" (Docket No. 10). On November 30, 2015, the FDIC-R opposed the motion

(Docket No. 11), and on June 7, 2016, filed a "Motion to Dismiss" (Docket No. 18). To date, the motion remains unopposed.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## III. DISCUSSION

First, plaintiff argues that under the "state action" exception contemplated in 12 U.S.C. §§ 1819(b)(2)(B) and (D), the action does not arise under the laws of the United States because this is a wrongful termination case under Puerto Rico Law No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29 § 185a et seq., requiring no interpretation of federal law (Docket No. 10 at pp. 4-5). As such, she contends that federal jurisdiction is lacking and the case should be remanded to state court. Id. The FDIC-R counters that the "state action" exception does not apply because

the FDIC-R is asserting a federal defense (to wit, that plaintiff failed to exhaust administrative remedies), which requires the court to interpret federal law (Docket No. 11).

The court addressed the "state action" exception in Román-Lanzo v. Guzmán, No. 15-2309 (PAD), 2016 WL 3546237, at *1 (D.P.R. June 23, 2016). It concluded that the defense of failure to exhaust administrative remedies requires interpretation of federal law and properly supports removal, because in this context courts consider the "whole-complaint" and "likely defenses." Id. For the same reason, the "state action" exception does not apply here. The case was properly removed.

Second, the FDIC-R states that dismissal is appropriate under FIRREA because plaintiff failed to comply with the statute's mandatory procedural requirements (Docket No. 18). FIRREA establishes a mandatory administrative claims procedure which must be exhausted by every claimant seeking payment from the assets of a failed or affected financial institution. See, Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012)(describing procedure). The procedure involves different phases with prescribed time periods. Id.

Once the FDIC has been appointed receiver, it must notify the failed bank's creditors of its appointment and of the creditor's obligation to present their claims, with proof, by a specific date. Id. If the FDIC disallows the claim, it must include a statement of reasons for the disallowance and the procedure available for obtaining administrative or judicial review of the FDIC's determination. Id. at p. 516. The claimant must take appropriate action within sixty days after the claimant receives notice of the disallowance, or sixty days after expiration of the determination period allowed to the FDIC under 12 U.S.C. 1821(D)(5)(a), whichever occurs earlier. Id. If the claimant fails to take action within the earlier of the prescribed periods of time, the FDIC's

disallowance of claim shall be final, and the claimant shall have no further right or remedies with respect to such claim. Id. In that case, courts will not have jurisdiction over the claim. Id.

The FDIC published notice to Doral's potential creditors and depositors in one or more newspapers, informing that Doral had been closed, and any claim had to be filed with the FDIC not later than June 4, 2015 (Docket No. 18, Exh. 1 at ¶ 3). Similarly, it sent plaintiff a letter with instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id., Exh. 1. Plaintiff timely filed her administrative claim.

On January 27, 2016, the FDIC disallowed the claim, sending plaintiff on the same date a Notice of Disallowance (Docket No. 18, Exh. 2). The Notice warned that for plaintiff to pursue or continue a lawsuit, she needed to do so before the end of the 60-day period after the date of the notice. Id. Plaintiff, however, failed to take any action within sixty days of the issuance of the Notice of Disallowance. In consequence, there is no subject-matter jurisdiction to entertain her claim against the FDIC-R.

## IV.    CONCLUSION

For the reasons stated, plaintiff's motion to set aside removal at Docket No. 10 is DENIED and the FDIC-R's motion to dismiss at Docket No. 18 is GRANTED. Therefore, the case is DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge